ELIZABETH EMORY, executrix, plaintiff in error, vs. JAMES G. SMITH, defendant in error.

When in a suit pending against an administratrix, there was no issuable plea filed, and the plaintiff took a judgment against the administratrix, personally, and, at a subsequent term of the court, moved that the judgment be set aside, and that he be permitted to take, *nunc pro tunc,* a judgment against the administratrix, as such, and it was made to appear to the court, that since the original judgment, and only a short

time before the application was made, the administratrix had dis-
covered that the note sued on was not the act and deed of the intes-
tate, and that she wished to file a plea of *non est factum* to the same:
*Held,* that under the facts, the court erred in allowing the plaintiff to
take his judgment *nunc pro tunc.*

Judgment.    Amendment.    Pleading.    Practice in the Su-
perior Court.    Before Judge JAMES JOHNSON.    Harris Su-
perior Court.    October Term, 1873.

James G. Smith, for the use of Edwin M. Hines, brought
complaint against "Elizabeth Emory, executrix of Samuel
Emory, deceased," on sixteen promissory notes, dated March
11th, 1861, and due December 25th, next thereafter, signed
by Samuel Emory, payable to James G. Smith or bearer, and
each for the sum of $50 00.

Judgment was rendered by default in favor of "the plain-
tiff" against "the defendant." Execution issued to be levied
"of the goods and chattels, lands and tenements of Elizabeth
Emory, executrix of Samuel Emory, deceased." A levy was
made upon the property of the deceased, and an affidavit of
illegality was filed by the defendant, setting up the irregular-
ity of the judgment and execution, and that if vacated she
desired to file a plea of *non est factum,* the facts to sustain
which had only come to her knowledge since the rendition of
the judgment aforesaid. At the term of the court to which
said illegality was returned, plaintiff moved to set aside said
judgment, to quash said execution, and to enter a judgment,
*nunc pro tunc,* against the defendant, to be satisfied *de bonis
testatoris.*

To this motion it was objected by the defendant's counsel
that she had no notice thereof, and was absent; that they could
not proceed safely without her presence; that she desired to
file a plea of *non est factum,* the facts to sustain which had
only come to her knowledge since the rendition of the original
judgment. They therefore moved a continuance of the mo-
tion to the next term.

The continuance was refused, and judgment *nunc pro tunc,*

Emory *vs.* Smith.

*de bonis testatoris,* allowed. To which ruling defendant excepted.

JAMES M. MOBLEY; R. A. RUSSELL, by JAMES M. RUSSELL, for plaintiff in error.

L. L. STANFORD, for defendant.

McCAY, Judge.

The plaintiff in this case made a motion to vacate his judgment. This was proper enough; the judgment was one not authorized by the pleadings and evidence, and the defendant might have made the same motion. But in addition to this the plaintiff moved for a judgment *nunc pro tunc,* in accordance with the pleadings and evidence. No notice was given of this motion, and perhaps none was necessary; the defendant was in default, and the judgment asked for was the proper judgment for the plaintiff to have taken at first. But the defendant's attorney, at this stage, brings to the notice of the court a new fact, supported by the sworn affidavit of the defendant, made for another purpose, to-wit: as an affidavit of illegality to the execution. That fact is, that the defendant has a good defense to the plaintiff's claim, and that this defense has only lately come to her knowledge. The plaintiff seeks to amend his proceedings. It is not simply a case where he asks the court to correct the misprision of the clerk—to make the minutes speak the truth of what actually transpired. The judgment, as it is, is the very judgment the plaintiff took; the mistake was a mistake of his own, and the leave he asks is to correct his own mistake. Why should he not be put upon terms—why should the court permit a judgment to be taken with the fact made apparent that the defendant may, by motion for a new trial, set it aside? Assuming what is stated in the affidavit to be true, the defendant would have an unquestionable right to move for a new trial. He presents a case coming clearly within the provisions of that section of the Code allowing motions for new trial to be made in certain cases after the term.

As the plaintiff, in the condition of his case, was compelled, in effect, to take a new judgment, we think not only the public convenience but justice to the defendant required the plaintiff to be put upon terms, to-wit: to take his judgment if the defendant failed in the plea. The only question of doubt is, whether the defendant showed proper diligence in not being *there* ready to put in the plea. But it must be remembered that there was no notice given of this motion. The illegality had been dismissed, and she had a right to suppose that she would be driven to her bill in equity. So that she cannot fairly be said to be in *laches.*

Judgment reversed.